UNITED STATES DISTRICT COURT
DISTRICT OF _____

RECEIVED
NOV 26 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOAH A TAJLILI

Plaintiff(s),

v.

NATHAN A. LEVINE (CEO)
CREDIT PROTECTION ASSOCIATION

Defendant(s).

Civil Case No.

1:19-cv-07843
Judge Andrea R. Wood
Magistrate Judge Sunil R. Harjani

## CIVIL COMPLAINT

**A. JURISDICTION**

1. This Court has Federal jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendant violated the Fair Debt Collections Practices Act ("FDCPA") because:

   a) The plaintiff is an individual residing in and a citizen of the state of ILLINOIS;

   b) The defendant is a corporation organized and existing under the laws of the State of TEXAS with its principle place of business in PLANO, TEXAS.

   c) There is a complete diversity of citizenship between plaintiff and the defendant.

**B. DEFINITIONS**

2. The plaintiff, NOAH A TAJLILI is a "consumer" and is defined by 15 U.S.C. § 1692(a)(3), as "any natural person obligated or allegedly obligated to pay any debt."

3. The defendant, CREDIT PROTECTION ASSOCIATION is a "debt collector" and is defined by 15

1  U.S.C. § 1692(a)(6), as "any person who used instrumentality of interstate commerce or
2  the mails in any business, the principle purpose of which is the collection of any debts, or
3  who regularly collects or attempts to collect directly or indirectly any debts owed or due
4  or asserted to be owed or due another."
5  C. <u>STATEMENT OF THE CASE</u>
6  4. On  SEPTEMBER 24TH 2019  , the plaintiff obtained a copy of his consumer report
7  from Equifax Information Services, Experian Information Solutions, and Trans Union
8  Corporation which revealed that  CREDIT PROTECTION ASSOCIATON  ("defendant") had placed an
9  entry on plaintiffs consumer report which communicated that the plaintiff allegedly had
10  an account in default with the defendant in the amount of $ 482.00  by assignment
11  from  TUCSON ELECTRIC POWER  dated  10/31/2016  . See **Exhibit B**.
12  5. On  October 16th, 2019  , the defendant took receipt of plaintiffs
13  "Notice Of Relief", requesting the defendant validate the alleged debt pursuant to the
14  Fair Debt Collection Practices Act("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b),
15  through certified mail receipt which is numbered  7018 1830 0001 4854 4655
16  and attached as **Exhibit A**. It should be noted that the defendant refused to respond to
17  plaintiffs validation request.
18  D. <u>CLAIM ONE</u>
19  6. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the
20  Fair Debt Collection Practices Act when the defendant reported to Equifax Information
21  Services, Experian Information Solutions, and Trans Union Corporation that the plaintiff
22  is in default with the defendant in the amount of $ 482.00  through assignment
23  from  TUCSON ELECTRIC POWER  . See **Exhibit B**.

7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, "The FDCPA prohibits the false representation of the "character, amount, or legal status" of any debt § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8. The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collection Practices Act. This constitutes a violation of the "Act" as a matter of law.

9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

E. **CLAIM TWO**

10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ 482.00    to the defendant. See Exhibit B.

11. Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, "in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed."  CREDIT PROTECTION ASSOCIATION   never had a valid assignment authorizing

them to pursue and report to credit bureaus the alleged debts associated with the plaintiff.

12. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

**F. CLAIM THREE**

13. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692C(10) of the Fair Debt Collection Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

14. Heathmen v. Portfolio Recovery Assoc., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violates section 1692e(10) if it 'use[s]...a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

15. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

**G. CLAIM FOUR**

16. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collection Practices Act when the defendant communicated the false representation that the alleged account was turned over to CREDIT PROTECTION ASSOCIATION for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation. **See Exhibit B.** The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

17. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits "The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debt would be "deceived or misled by the misrepresentation", quoting Wade v. Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

18. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

## H. CLAIM FIVE

19. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the defendant unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that __CREDIT PROTECTION ASSOCIATION__ obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with the attempt to force the plaintiff to pay the $__482.00__ allegedly owed.

20. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law."

1     Minus the agreement to collect on the attempted debt, the defendant is in direct violation

2     of this section.

3     21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

4     defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

5     **I. CLAIM SIX**

6     22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the

7     Fair Debt Collection Practices Act when defendant refused to respond to plaintiffs

8     validation request. The defendant took receipt of plaintiffs "Notice of Administrative

9     Remedy" and requested that the defendant provide the original creditors name, address,

10     and verification of the alleged assignment or documents that gives CREDIT PROTECTION ASSOCIATION

11     the legal right to pursue and report to credit bureaus the alleged debts associated with the

12     plaintiff. The defendant took receipt of plaintiffs request for validation through certified

13     mail receipt #___7018 1830 0001 4854 4655___, which is attached as **Exhibit A**.

14     23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states,

15     "If the consumer notifies the debt collector in writing within the thirty-day period

16     described in subsection (a) of this section that the debt, or any portion thereof is disputed,

17     or that the consumer requests the name and address of the original creditor, the debt

18     collector shall cease collection of the debt, or any disputed portion thereof, until the debt

19     collector obtains verification or judgment, or name and address of the original creditor, is

20     mailed to the consumer by the debt collector." By CREDIT PROTECTION ASSOCIATION

21     refusing to communicate with the plaintiff regarding the original creditor and the alleged

22     assignment or documents that granted the defendant the right to report to the credit

23     reporting agencies that the defendant legally obtained the alleged debt. The defendant is

1. in violation of section 1692g(b).
2. 24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the
3. defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").
4. **J. CLAIM SEVEN**
5. 25. The plaintiff asserts that the defendant violated section 623 of the Fair Debt
6. Collection Practices Act("FDCPA") when they failed to report a disputed debt to the
7. credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt
8. when defendant took receipt of the "Notice Of Relief" on  October 16th, 2019
9. Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").
10. **See Exhibit A.**
11. 26. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the
12. defendants violation section 623 of the ("FDCPA").
13. **K. CLAIM EIGHT**
14. 27. Plaintiff asserts that defendant violated section 807(8) of the Fair Debt
15. Collection Practices Act("FDCPA") when they failed to report a disputed debt to the
16. credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt
17. when defendant took receipt of the "Notice Of Relief" on  October 16th, 2019
18. Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").
19. **Exhibit B.**
20. 28. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the
21. defendants violation section 623 of the ("FDCPA").
22. **L. CLAIM NINE**
23. 29. The plaintiff asserts that the defendant violated section 605(c) of the Fair Debt

Collection Practices Act("FDCPA") when they "Re-Aged" the alleged account by reporting the date of the last activity instead of the date of the first delinquencies. The defendant "Re-Aged" the alleged account in hopes of circumventing the Statute Of Limitation Laws set forth in which an alleged account can be collected. The defendant is in direct violation of section 605(c) of the ("FDCPA").

**Exhibit A.**

30. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 605(c) of the ("FDCPA").

M. **CLAIM TEN**

31. Plaintiff asserts that the defendant violated section 811(a)(2) of the Fair Debt Collection Practices Act("FDCPA"). According to section 811(a)(2) of the ("FDCPA"), a collector must be in the county in which the alleged debtor lives when the alleged debtor signed for the debt. The defendant does not live or reside in the county which the plaintiff lives and resides. Therefore, the defendant is in direct violation of section 811(a)(2) of the ("FDCPA").

32. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 811(a)(2) of the ("FDCPA").

N. **CLAIM ELEVEN**

33. The plaintiff asserts that the defendant violated section 806 of the Fair Debt Collection Practices Act("FDCPA") which states that the collection agencies cannot use any kind of harassment or abuse to collect an alleged debt. The defendant persistently harassed the plaintiff by continuously reporting erroneous, derogatory, and inaccurate information on the plaintiffs consumer reports. Therefore the defendant

is in direct violation of section 806 of the ("FDCPA").

34. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 806 of the ("FDCPA").

### O. CLAIM TWELVE

35. Plaintiff asserts that the defendant violated section 809(b) of the Fair Debt Collection Practices Act("FDCPA") per the Federal Trades Commission("FTC") opinion letter Cass from LeFevre, when they did not validate the alleged debt and still continued to report this invalidated alleged debt to the credit bureaus. The defendant is in direct violation of section 809(b) of the ("FDCPA").

36. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 809(b) of the ("FDCPA").

### P. DAMAGES

37. 15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such a person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00, per violation.

### Q. REQUESTED RELIEF

#### CLAIM ONE:

A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM TWO:

A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

TOTAL DAMAGES: + $3,000.00

### CLAIM THREE:

A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM FOUR:

A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM FIVE:

A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to three major consumer reporting agencies: Equifax

1  Information Services, Experian Information Solutions, and Trans Union Corporation of

2  the unconscionable means to collect.

3  TOTAL DAMAGES: + $3,000.00

4  CLAIM SIX:

5  A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00

6  for refusing to validate the alleged debt that the defendant reported to the three consumer

7  reporting agencies: Equifax Information Services, Experian Information Solutions, and

8  Trans Union Corporation.

9  TOTAL DAMAGES: + $3,000.00

10  CLAIM SEVEN:

11  A violation of section 623 of the ("FDCPA") is $1,000.00

12  for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

13  Information Services, Experian Information Solutions, and Trans Union Corporation.

14  TOTAL DAMAGES: + $3,000.00

15  CLAIM EIGHT:

16  A violation of section 807(8) of the ("FDCPA") is $1,000.00

17  for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

18  Information Services, Experian Information Solutions, and Trans Union Corporation.

19  TOTAL DAMAGES: + $3,000.00

20  CLAIM NINE:

21  A violation of section 605(c) of the ("FDCPA") is $1,000.00

22  for continuously reporting date of last activity in order to "Re-Age" the alleged account

23  to the three consumer reporting agencies: Equifax Information Services, Experian

Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM TEN:

A violation of section 811(a)(2) of the ("FDCPA") is $1,000.00 for the defendant not living or residing in the county in which plaintiff lives and resides when alleged debtor signed the debt and reporting it to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM ELEVEN:

A violation of section 806 of the ("FDCPA") is $1,000.00 for harrassment and abuse to plaintiff by continuously reporting erroneous, derogatory, and inaccurate information to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM TWELVE:

A violation of section 809(b) of the ("FDCPA") is $1,000.00 for failing to validate the alleged debt and harrassment and continued to report to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

38. The total amount of damages requested by the plaintiff is **$36,400.00**.

1   39. The **$400.00** added is the court cost associated with this action.

2         I _____NOAH A TAJLILI_____, hereby declare under penalty of perjury

3   in the state of _____ILLINOIS_____, that the information stated above and any

4   attachments to this form is true and correct.

5   DATED:_____        BY:/s/_____

6                                Name: NOAH A TAJLILI



Exhibit A.

Exhibit B.



PO BOX 10335
DES MOINES, IA 50306
(877) 937-9357

| | | | | |
|---|---|---|---|---|
| Date Opened: | 05/19/2014 | Balance: | $0 | Pay Status: >Account 120 Days Past Due Date< |
| Responsibility: | Individual Account | Date Updated: | 01/09/2017 | Terms: $778 per month, paid Monthly for 360 months |
| Account Type: | Mortgage Account | Payment Received: | $0 | |
| Loan Type: | FHA REAL ESTATE MORTGAGE | Last Payment Made: | 08/02/2015 | Date Closed: 01/09/2017 |
| | | High Balance: | $106,043 | >Maximum Delinquency of 120 days in 01/2016 for $3,891 and in 01/2017< |

Remarks: >FORECLOSURE COLLATERAL SOLD<
Estimated month and year that this item will be removed: 09/2022

| | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | X | 120 | 120 | 120 | 120 | 120 |

| | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK |

| | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK |

**CREDIT PROTECTION ASSOC #2464****
13355 NOEL RD STE 2100
DALLAS, TX 75240
(972) 233-9614

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 10/31/2016 | Balance: | $482 | Pay Status: >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 09/08/2019 | |
| Account Type: | Open Account | Original Amount: | $399 | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | TUCSON ELECTRIC POWER (Utilities) | |
| | | Past Due: | >$482< | |

Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2023

**PORTFOLIO RECOVERY #414780856831****
120 CORPORATE BLVD SUITE 100
NORFOLK, VA 23502
(844) 675-3407

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 08/28/2017 | Balance: | $6,410 | Pay Status: >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 09/08/2019 | |
| Account Type: | Open Account | Original Amount: | $6,410 | |
| Loan Type: | DEBT BUYER | Original Creditor: | U S BANK NATIONAL ASSOCIATION (Banking) | |
| | | Past Due: | >$6,410< | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 01/2023

**Satisfactory Accounts**

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: