IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOAH A. TAJLILI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-7843 |
| v. ) | |
| ) | Judge: Andrea R. Wood |
| NATHAN A. LEVINE (CEO) CREDIT ) | |
| PROTECTION ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, NATHAN LEVINE ("Defendant" or "Levine"), by and through its attorneys Justin M. Penn and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6) for its Motion to Dismiss Plaintiff's Complaint states as follows:

**INTRODUCTION**

Plaintiff, Noah Tajlili ("Plaintiff"), filed a Fair Debt Collection Practices Act ("FDCPA") complaint against CPA and its CEO, Nathan A. Levine ("Levine"), in his individual capacity, alleging that CPA falsely represented that Plaintiff owed a debt when it furnished Plaintiff's account information to the credit bureaus. In addition, Plaintiff alleges that CPA refused to respond to his validation request, failed to report a disputed debt to the credit bureaus and "re-aged" the debt by reporting the date of last activity instead of the date of first delinquency. However, Plaintiff's complaint improperly names CPA's CEO as a defendant and is void of any factual allegations of that Levine violated the FDCPA. The complaint improperly names an employee as a defendant and fails to meet the pleading requirements; therefore, Plaintiff's complaint should be dismissed with prejudice as to Nathan Levine.

**SUMMARY OF ALLEGATIONS**

Plaintiff alleges that on September 24, 2019, Plaintiff obtained a copy of his consumer report from Equifax, Experian, and Trans Union and saw an account furnished by CPA for a Tucson Electric Power account in the amount of $482. (Pl. Compl., ¶ 4). On October 16, 2019, CPA took receipt of Plaintiff's "Notice of Relief" requesting that CPA validate the debt. (Pl. Compl., ¶ 5). Plaintiff asserts twelve claims against CPA alleging that CPA falsely represented that he owed a debt, refused to respond to his validation request, failed to report a disputed debt to the credit bureaus and "re-aged" the debt by reporting the date of last activity instead of the date of first delinquency. (Pl. Compl., ¶¶ 6-35).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. The court must review the allegations in the complaint to determine whether the complaint states a "plausible" claim for relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). A complaint must show "that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level," which means that the complaint "must do more than merely avoid foreclosing possible bases for relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). Additionally, when a plaintiff pleads [himself] out of court, i.e. admits all the ingredients of an impenetrable defense, the complaint should be dismissed under Rule 12(b)(6). *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

**ARGUMENT**

I. **Plaintiff's Complaint Should Be Dismissed Because Levine Is Not A Debt Collector In His Individual Capacity.**

Plaintiff names CPA's CEO in his individual capacity as a defendant to the instant lawsuit. Levine is not a proper defendant because he is not a debt collector in his individual capacity. Under the FDCPA, "individuals do not become 'debt collectors' simply by working for…debt collection companies." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). Where an employee is action on behalf of his employer, the FDCPA "does not contemplate personal liability…except perhaps in limited instances where the corporate veil is pierced." *Id.* Rather, "the FDCPA has utilized the principle of vicarious liability…[wherein] the debt collection company answers for its employees' violations of the statute." *Id.* Plaintiff has identified that Nathan Levine is the CEO of CPA. Levine's title as the CEO of CPA does not make him a debt collector in his individual capacity. Therefore, Plaintiff's claims against Levine must be dismissed.

II. **Plaintiff's Complaint Should Be Dismiss Because It Fails To Allege That Levine Took Any Action Which Violates The FDCPA.**

Although Plaintiff names Levine as a defendant in the complaint, Plaintiff fails to provide any factual allegations to support that Levine is a debt collector or that he violated any provision of the FDCPA. In fact, Plaintiff's complaint is void of any allegations which speaks to any conduct by Levine. Plaintiff is required to plead factual content that allows the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. Although Levine is named as a defendant in the caption of the complaint, CPA is the only defendant alleged to be a "debt collector" in the complaint. (Pl. Compl., ¶ 3). Thus, all of the allegations refer to CPA and not Levine. Plaintiff's allegations do not put Levine on sufficient notice of the basis of his claim and do not "give enough details about the subject-matter of the case to present a story that holds together." *Swanson v.*

3

*Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Plaintiff's complaint is not sufficient to state a claim against Levine and therefore, the complaint must be dismissed as to Levine.

## CONCLUSION

WHEREFORE, Defendant, NATHAN LEVINE, respectfully requests that Plaintiff's Complaint be dismissed with prejudice against Defendant Levine and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Lindsey Conley*
Lindsey Conley

Justin M. Penn
Lindsey Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lconley@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on March 13, 2020.

| | |
|---|---|
| ☒ CM/ECF | *Pro Se Plaintiff(s)* |
| ☐ Facsimile | Noah Tajlili |
| ☐ Federal Express | 1050 W. Galena Avenue, #401 |
| ☐ E-Mail & U.S. Mail | Freeport, IL 61032 |
| ☐ Messenger | |

Justin M. Penn  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
151 North Franklin Street, Suite 2500  
Chicago, IL 60606  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
jpenn@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s/ Lindsey A.L. Conley*  
Lindsey A.L. Conley  
One of the Attorneys for Defendants