**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NOAH A. TAJLILI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-7843 |
| v. | ) | |
| | ) | Judge: Andrea R. Wood |
| NATHAN A. LEVINE (CEO) CREDIT | ) | |
| PROTECTION ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant, CREDIT PROTECTION ASSOCIATION, LP ("Defendant" or "CPA"), by and

through its attorneys Justin M. Penn and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, in

answer to Plaintiff's Complaint, states as follows:

**<u>A. JURISDICTION</u>**

1.      This Court has Federal jurisdiction over this action pursuant to 28 U.S.C. § 1332

because Defendant violated the Fair Debt Collections Practices Act ("FDCPA") because:

      a.    The plaintiff is an individual residing in and a citizen of the State of Illinois.

      b.    The defendant is a corporation organized and existing under the laws of the State of Texas with its principle place of business in Plano, Texas.

      c.    There is a complete diversity of citizenship between Plaintiff and the Defendant.

**ANSWER: Defendant admits that this Court generally has jurisdiction over claims**

**arising under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692, but Defendant denies Plaintiff as any**

**such claims. Defendant admits that Plaintiff is an individual. Upon reasonable inquiry,**

**Defendant lacks knowledge or information sufficient to form a belief regarding the truth of**

**where Plaintiff currently resides. Defendant states that it is a Texas limited partnership and**

is authorized to conduct business in Illinois. Defendant states that its principal place of business is located at 13355 Noel Road, Dallas, Texas. Defendant denies any remaining allegations contained in this paragraph.

## B. DEFINITIONS

2.      The plaintiff, Noah A. Tajlili is a consumer and is defined by 15 U.S.C. § 1692(a)(3), as "any natural person obligated or allegedly obligated to pay any debt."

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph because it does not know where Plaintiff currently resides and the nature of the debt.**

3.      The defendant, Credit Protection Association is a "debt collector" and is defined by 15 U.S.C. § 1692(a)(6), as "any person who used instrumentality of interstate commerce or the mails in any business, the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly any debts owed or due or asserted to be owed or due another."

**ANSWER: Defendant admits that in certain circumstances and in certain instances it acts as a debt collector as defined by the FDCPA. Defendant admits that in certain circumstances and certain instances it uses the mail and telephone to collect debts owed to others. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding whether it acted as a debt collector with respect to Plaintiff. Defendant denies any remaining allegations contained in this paragraph.**

## C. STATEMENT OF THE CASE

4.      On September 24, 2019, the plaintiff obtained a copy of his consumer report from Equifax Information Services, Experian Information Solutions, and Trans Union Corporation which revealed that Credit Protection Association ("defendant") had placed an entry on plaintiffs consumer

2

report which communicated that the plaintiff allegedly had an account in default with the defendant in the amount of $482.00 by assignment from TUCSON ELECTRIC POWER dated 10/31/2016. See **Exhibit B**.

**ANSWER: Defendant only admits that Exhibit B to Plaintiff's Complaint appears to show a Tucson Electric account furnished by CPA with a balance of $480. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

5. On October 16, 2019, the defendant took receipt of plaintiffs "Notice Of Relief", requesting the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt which is numbered 7018 1830 0001 4854 4655 and attached as **Exhibit A**. It should be noted that the defendant refused to respond to plaintiffs validation request.

**ANSWER: Defendant admits that Exhibit A appears to be a certified mail receipt. Defendant admits that it received correspondence from Plaintiff. Defendant denies the remaining allegations contained in this paragraph.**

### D. CLAIM ONE

6. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act when the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that the plaintiff is in default with the defendant in the amount of $482.00 through assignment from TUCSON ELECTRIC POWER. See **Exhibit B**.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, "The FDCPA prohibits the false representation of the "character, amount, or legal status" of any debt §

3

1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

**ANSWER: Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole.**

8.      The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collection Practices Act This constitutes a violation of the "Act" as a matter of law.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

9.      The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## E. CLAIM TWO

10.     The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the  plaintiff, and the plaintiff was in default for $482.00 to  the defendant.  **See Exhibit B**.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

4

11.     Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, "in order to sustain a section 1692e(8) claim, a party must show that a debt      collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed." CREDIT PROTECTION ASSOCIATION never had a valid assignment authorizing them to pursue and report to credit bureaus the alleged debts associated with the plaintiff.

**ANSWER: Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole. Defendant denies the remaining allegations contained in this paragraph.**

12.     Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

### F. CLAIM THREE

13.     Plaintiff asserts that defendant violated section 15 U.S.C. § 1692C(10) of the Fair Debt Collection Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff.  By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

14.     Heathmen v. Portfolio Recovery Assoc., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violates section 1692e(10) if it 'use[s]...a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a

1028625\305296044.v1

debt collectors representation that a. debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

**ANSWER: Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole. Defendant denies the remaining allegations contained in this paragraph.**

15.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

### G. CLAIM FOUR

16.    Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collection Practices Act when the defendant communicated the false representation that the alleged account was turned over to  Credit Protection Association for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation. **See Exhibit B**. The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

17.    Fortunato v. Hop Law Finn, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits "The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard an   make a determination as to whether the debt would be "deceived or misled by the misrepresentation", quoting Wade v. Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

6

**ANSWER:** Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole. Defendant denies the remaining allegations contained in this paragraph.

18.     The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

**ANSWER:** Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.

## H. CLAIM FIVE

19.     Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(l) of the Fair Debt Collection Practices Act when the defendant unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that CREDIT PROTECTION ASSOCIATION obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with the attempt to force the plaintiff to pay the $482. 00 allegedly owed.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

20.     Sukiasyan v. OCS Recovery Inc., U.S. Dist LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

7

**ANSWER: Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole. Defendant denies the remaining allegations contained in this paragraph.**

21.     Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(l) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

### I. CLAIM SIX

22.     The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act when defendant refused to respond to plaintiffs validation request.  The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives CREDIT PROTECTION ASSOCIATION the legal right to pursue and report to credit bureaus the alleged debts associated with  the plaintiff.  The defendant took receipt of plaintiffs request for validation through  certified mail  receipt # 7018 1830 0001 4854 4655, which is attached as **Exhibit A**.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

23.     Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification or judgment, or

8

name and address of the original creditor, is mailed to the consumer by the debt collector." By CREDIT PROTECTION ASSOCIATION refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is in violation of section 1692g(b).

**ANSWER: Defendant admits that the allegations in this paragraph purports to paraphrase or quote case law but denies that the information in this paragraph states the applicable law as a whole. Defendant denies the remaining allegations contained in this paragraph.**

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## J. CLAIM SEVEN

25. The plaintiff asserts that the defendant violated section 623 of the Fair Debt Collection Practices Act("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on October 16th, 2019 Therefore, the defendant is in direct violation of section 623 of the ("FDCPA"). **See Exhibit A**.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

26. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA".)

1028625\305296044.v1

**ANSWER:** Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.

### K. CLAIM EIGHT

27.      Plaintiff asserts that defendant violated section 807(8) of the Fair Debt Collection Practices Act ("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on October 16th. 2019 Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").  **Exhibit B**.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

28.      Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA").

**ANSWER:** Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.

### L. CLAIM NINE

29.      The plaintiff asserts that the defendant violated section 605(c) of the Fair Debt Collection Practices Act ("FDCPA") when they "Re-Aged" the alleged account by reporting the date of the last activity instead of the date of the first delinquencies. The defendant "Re-Aged" the alleged account in hopes of circumventing the Statute Of Limitation Laws set forth in which an alleged account can be collected. The defendant is in direct violation of section 605(c) of the ("FDCPA"). **Exhibit A**.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

10

30.     Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 605(c) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## M. CLAIM TEN

31.     Plaintiff asserts that the defendant violated section 811(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"). According to section 811(a)(2) of the ("FDCPA"), a collector must be in the county in which the alleged debtor lives when the alleged debtor signed for the debt. The defendant does not live or reside in the county which the plaintiff lives and resides. Therefore, the defendant is in direct violation of section 811(a)(2) of the ("FDCPA").

**ANSWER: Defendant denies the allegations contained in this paragraph.**

32.     Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 811(a)(2) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## N. CLAIM ELEVEN

33.     The plaintiff asserts that the defendant violated section 806 of the Fair Debt Collection Practices Act ("FDCPA") which states that the collection agencies cannot use any kind of harassment or abuse to collect an alleged debt. The defendant persistently harassed the plaintiff by continuously reporting erroneous, derogatory, and inaccurate information on the plaintiffs consumer reports. Therefore the defendant is in direct violation of section 806 of the ("FDCPA").

**ANSWER: Defendant denies the allegations contained in this paragraph.**

1028625\305296044.v1

34.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 806 of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## O. CLAIM TWELVE

35.    Plaintiff asserts that the defendant violated section 809(b) of the Fair Debt Collection Practices Act("FDCPA") per the Federal Trades Commission("FTC") opinion          letter     Cass from LeFevre, when they did not validate the alleged debt and still continued to report this invalidated alleged debt to the credit bureaus. The defendant is in direct violation of section 809(b) of the ("FDCPA").

**ANSWER: Defendant denies the allegations contained in this paragraph.**

36.    Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 809(b) of the ("FDCPA").

**ANSWER: Defendant only admits that Plaintiff purports to seek statutory damages in the amount of $1,000.00. Defendant denies that it violated the FDCPA and denies that Plaintiff has any claim under the FDCPA.**

## P. DAMAGES

37.    15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of 15 this title [15 USCS §§ et seq] with respect to any person is liable to such a person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court May allow, but not exceeding $1,000.00, per violation.

1028625\305296044.v1

**ANSWER:** Defendant admits that the allegations in this paragraph purports to quote a portion of the FDCPA but denies that Plaintiff has any such claim herein.

## Q. REQUESTED RELIEF

### CLAIM ONE:

A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM TWO:

A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant

**TOTAL DAMAGES:+ $3,000.00**

### CLAIM THREE:

A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

### CLAIM FOUR:

A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

1028625\305296044.v1

## CLAIM FIVE:

A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to three major consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation of the unconscionable means to collect.

**TOTAL DAMAGES:+ $3,000.00**

## CLAIM SIX:

A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000 .00 for refusing to validate the alleged debt that the defendant reported to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

## CLAIM SEVEN:

A violation of section 623 of the ("FDCPA") is $1,000.00 for refusing to report a disputed debt to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES:+ $3,000.00**

## CLAIM EIGHT:

A violation of section 807(8) of the ("FDCPA") is $1,000.00 for refusing to report a disputed debt to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions , and Trans Union Corporation.

**TOTAL DAMAGES:+ $3,000.00**

## CLAIM NINE:

1028625\305296044.v1

A violation of section 605(c) of the ("FDCPA") is $1,000.00 for continuously reporting date of last activity in order to "Re-Age" the alleged account to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: +$3,000.00**

**CLAIM TEN:**

A violation of section 811(a)(2) of the ("FDCPA") is $1,000.00 for the defendant not living or residing in the county in which plaintiff lives and resides when alleged debtor signed the debt and reporting it to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions , and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

**CLAIM ELEVEN:**

A violation of section 806 of the ("FDCPA") is $1,000.00 for harrassment and abuse to plaintiff by continuously reporting erroneous, derogatory, and inaccurate information to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00.**

**CLAIM TWELVE:**

A violation of section 809(b) of the ("FDCPA") is $1,000.00 for failing to validate the alleged debt and harassment and continued lo report to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

1028625\305296044.v1

**ANSWER: Defendant denies that it violated the FDCPA, denies that Plaintiff has any claim under the FDCPA and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations contained in this paragraph.**

38.     The total amount of damages requested by the plaintiff is **$36,400.00**.

**ANSWER: Defendant denies that it violated the FDCPA, denies that Plaintiff has any claim under the FDCPA and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations contained in this paragraph.**

39.     The **$400.00** added is the court cost associated with this action.

**ANSWER: Defendant denies that it violated the FDCPA, denies that Plaintiff has any claim under the FDCPA and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, CREDIT PROTECTION ASSOCIATION, L.P., by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1.     Defendant affirmatively states that Plaintiff fails to state a claim as a matter of law. Defendant denies any false statements and information furnished to the credit bureaus. Defendant any deceptive or misleading representations in its communications, if any. Defendant states that on October 31, 2016, the creditor of the account, Tucson Electric Power, placed an account for Plaintiff with CPA for collection. The placement included contact information for Plaintiff and a balance $482.46. Defendant did not violate the FDCPA as it lawfully received an account for collection and lawfully attempted to collect such account.

2.     Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant has policies and procedures in place to ensure that its clients, creditors of accounts, send truthful and accurate account information for due and owing amounts. Defendant relies on its clients' information to collect outstanding balances. Defendant has policies and procedures in place to ensure that it complies with disputes and validation requests. If CPA receives a dispute, it marks the account with such dispute and furnishes the dispute to the credit bureaus. If CPA receives a verification request, it complies with section 1692g of the FDCPA. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

3.     Defendant denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

16

Plaintiff has not showed any damages which can be contributed to the specific actions of Defendant alleged in this case.

4.  Defendant affirmatively states that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

WHEREFORE, Defendant, CREDIT PROTECTION ASSOCIATION, LP, prays that Plaintiff's Complaint be dismissed with prejudice and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Lindsey Conley*
Lindsey Conley

Justin M. Penn
Lindsey Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lconley@hinshawlaw.com

17

## <u>CERTIFICATE OF SERVICE</u>

       I, Lindsey A.L. Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on March 13, 2020.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Pro Se Plaintiff(s)* |
| ☐ | Facsimile | Noah Tajlili |
| ☐ | Federal Express | 1050 W. Galena Avenue, #401 |
| ☐ | E-Mail & U.S. Mail | Freeport, IL 61032 |
| ☐ | Messenger | |

Justin M. Penn                              */s/ Lindsey A.L. Conley*
Lindsey A.L. Conley                    Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP       One of the Attorneys for Defendant
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lconley@hinshawlaw.com